Margolies *v.* Zimmerman, Appellant, et al.

Argued April 15, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

494

*Simon Pearl,* with him *Gabriel D. Weiss* and *Michael M. Linden,* for appellant.

*Abraham Wernick* and *Abraham L. Shapiro,* for appellee, were not heard.

PER CURIAM, April 28, 1941:

Plaintiff Margolies and defendant Zimmerman entered into a written agreement of partnership in the business of buying, selling and distributing radios, radio equipment and electrical appliances at wholesale and retail. The term of the partnership was to begin on December 1, 1937, and end, in the absence of a certain prescribed notice, on November 30, 1939. The capital was to be $45,000, of which Margolies was to contribute $10,000 and Zimmerman $35,000, but the profits and losses were to be divided, not in proportion to their respective capital investments, but, by paragraph 11 of the agreement, "share and share alike".

Upon the termination of the partnership the assets were converted into cash and there was realized about $28,000, involving a loss of more than one-third of the original capital. A dispute arose as to the proper distribution of the fund between the partners. Notwithstanding the clear provision that losses were to be shared equally, Margolies claimed that he was entitled to two-ninths of the fund because of a clause in paragraph 12 of the agreement that when the partnership ended the assets should be sold and the proceeds applied, first, in discharge of the liabilities of the partnership and

the expense of liquidation, and next, in payment to each partner of his share of unpaid interest or profits; the balance was to be divided in the proportion of two-ninths to Margolies and seven-ninths to Zimmerman,— a clause which apparently contemplated a case only where the partnership had had profits, not losses, and was intended to provide, in that event, for a restoration to each partner of the original amount of capital invested by him.

On the same day that the agreement of partnership was entered into, Margolies and Zimmerman, together with one Emanuel Kardon, an officer of defendant American Bag & Paper Company (which was lending to Zimmerman $25,000 of the latter's capital contribution to the partnership), entered into a written agreement which provided that Kardon should have the right to dissolve the partnership upon ninety days' notice at any time during its existence and liquidate the assets. This agreement also contained a provision as follows: "If any disagreement shall arise between Zimmerman and Margolies in respect to the conduct of the business of the partnership, or its dissolution, or in respect of any other cause, matter or thing whatsoever not otherwise provided for in the aforesaid co-partnership agreement, the same shall be decided and determined by one arbitrator, to wit, Kardon . . . and the decision of said arbitrator shall be binding and conclusive upon the parties hereto . . .." Margolies having brought the present bill in equity for an accounting of the assets, Zimmerman obtained a rule to show cause why the action should not be stayed and arbitration proceeded with in accordance with the agreement. Depositions were taken, and the court discharged the rule.

We are not impressed by the contention of plaintiff that Zimmerman or his counsel, by contract, waiver or estoppel, surrendered his right to demand arbitration. We are, however, of opinion that that right did not extend to the matter now in controversy between

the parties. The rule is that arbitration agreements are strictly construed and are not to be extended by implication: *J. S. Cornell & Son, Inc., v. Rosenwald,* 339 Pa. 18, 23, 13 A. 2d 716, 718, 719. Here, it would seem clear that the provision for arbitration was to apply only to matters "not otherwise provided for" in the partnership agreement. Apparently intended to come within that category, there are specifically mentioned disagreements arising "in respect to the conduct of the business of the partnership, or its dissolution", the term "dissolution" obviously referring to a termination of the partnership in advance of its normal expiration in pursuance of the power given to Kardon to declare such a dissolution; there is no mention in the partnership agreement itself of a "dissolution" as distinguished from the prescribed time of termination of the partnership. But the proportion in which losses were to be shared by the partners, necessarily involving the method of distribution of the assets on liquidation, *is* provided for in the partnership agreement, and is, therefore, outside of the express scope of the arbitration clause. It is true that, while both of the parties recognize, as they must, that this subject is covered in the partnership agreement, one or both of them may think it is covered ambiguously, but, even if that be so, a dispute in respect to any matter "provided for" must be left for determination to the ordinary legal tribunals, just as disputes arising with regard to matters "not otherwise provided for" are to be submitted to arbitration. The parties intended to cover in their partnership agreement the subject now in dispute, and, whether or not they expressed it clearly, they evidently did not intend to include it in the class of matters to be arbitrated.

Order affirmed.