HERZIG et, Plaintiffs-Appellants, v. HUNKIN CONKEY CONSTRUCTION CO., Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 18207. Decided December 22, 1941.

Woodle & Wachtel, Cleveland, for plaintiffs-appellants.
A. O. Dickey, Calfee & Fogg, Cleveland, for defendants-appellees.

(CARTER, PJ, PHILLIPS, NICHOLS, JJ, sitting by designation in the Eighth District Court of Appeals.)

## OPINION

By PHILLIPS, J.

Plaintiffs, alleged residents and taxpayers of the city of Cleveland, a municipal corporation, brought this action in

the lower court on behalf of the city and all taxpayers of the city of Cleveland to recover from defendant, The Hunkin-Conkey Construction Company, a corporation, money paid to that company from city funds under a long before completed allegedly illegal contract with the city for the erection of a pump house, administration building and exterior wall surrounding and adjoining the Parma Reservoir in the City Parma a part of the water system of the City of Cleveland.

Although the action was properly brought by the alleged taxpayers on behalf of the City of Cleveland, that city was also named in the petition as a defendant.

Motions and demurrers directed against plaintiffs' petition, first, second and third amended petitions were sustained, and to the fourth amended petition the city demurred on the ground that it did not state a cause of action against it. The demurrer of the city was properly sustained. The city could not sue itself and no relief was asked against it.

Subsequently, defendant corporation filed a motion to make the latter pleading definite and certain and to strike therefrom certain allegations which was sustained. Plaintiffs then declined to plead further and the trial court entered judgment dismissing the fourth amended petition.

From that judgment plaintiffs appeal to this court on questions of law.

Though error of the trial court in ruling upon plaintiffs' pleadings prior to the fourth amended petition was assigned as a ground of error, yet by reply brief the plaintiffs concede that by pleading over in each instance after that court had sustained the motions and demurrers to the original and all amended petitions prior to the fourth amended petition and thereupon failing to allow a judgment of dismissal of their case to be entered and to prosecute appeal therefrom, they abandoned all such pleadings prior to the latter and thereby waived all claimed errors of the lower court in sustaining such motions and demurrers directed against such pleadings.

This is not an action to recover damages for faulty work or excessive charges.

The authority for the commencement of this action is found in the case of **Walker et al., v. The Village of Dillonvale, 82 Oh St, 137,** approving Walker et al, v. The Village of Dillonvale, 11 Ohio Cir. Ct. (n. s.) 385, on this point, and further recognized by the supreme court in the case of **Council of Village of Bedford et al, v. State ex rel Thompson, Hine & Flory, a partnership, 123 Oh St, 143,** but contains no allegation that plaintiffs had put, offered or were ready to put

the defendant construction company in statu quo. See also **Miller et al, v. Bieghler, 123 Oh St 227.**

The fourth amended petition contains allegations supporting a claim of failure to comply with statute, but there are no facts stated sufficient to constitute an allegation of fraud in the making or execution of the involved contract.

Presented then for consideration is the question whether plaintiffs' fourth amended petition, without an allegation that they had put, offered, or were ready to put the defendant construction company in statu quo, stated a cause of action under which, upon competent evidence, plaintiffs could recover against the defendant construction company.

Assuming, but not deciding, that the motion of defendant construction company was improperly sustained in whole or in part, still under authority of the **State ex rel Hunt, prosecuting attorney, v. Fronizer et al, 77 Oh St 7,** in the absence of an allegation that the plaintiffs had put, offered or were ready to put the defendant in statu quo their fourth amended petition at no time stated a cause of action against that company, under which they could recover in this action for there it is said:

"This court is of opinion that such recovery is not authorized. The principle applicable to the situation is the equitable one that where one has acquired possession of the property of another through an unauthorized and void contract, and has paid for the same, there can be no recovery back of the money paid without putting or showing readiness to put the other party in statu quo, and that rule controls this case unless such recovery is plainly authorized by the statute. The rule rests upon that principle of common honesty that imposes an obligation to do justice upon all persons, natural as well as artificial, and is recognized in many cases." Chapman v. County of Douglas, 107 U S 348; Lee v. Board of Commissioners, 52 C C A, 376; Bridge Co. v. Utica, 17 Fed. Rep. 316.

"* * * The county should not be permitted to retain both the consideration and the bridges. And as in the case above cited (**Buchanan Bridge Co., v. Campbell, 60 Oh St 406**) the court left the bridge company where it found it so in this case the court leaves the county of Sandusky where it finds it."

As late as in the case of **Ludwig Hommel & Co., v. Incorporated Village of Woodsfield, 122 Oh St 148,** at 155, the supreme court said that the Fronizer case was still the law of this state and has never reversed or modified that judgment.

The fourth amended petition was properly dismissed re-

gardless of the reasons, if any, assigned by the trial court since the petition does not state a cause of action.

The judgment of the lower court is affirmed.

CARTER, PJ, concurs in judgment.
NICHOLS, J, concurs.

CARTER, PJ. (Concurring.)

I desire to set out and make my position a little clearer.

Whether the claimed cause of action set out in the plaintiffs' fourth amended petition be based on a void contract by reason of the claim violations of the statutes and the charter provisions, or based on fraud as alleged under the principle announced in the **Fronizer** case, 77 **Oh St**, 7, plaintiffs cannot recover, if they have not placed the contractor in statu quo, or shown readiness to so do.

The rule that the plaintiffs must place, or show readiness to place the other party in statu quo, applies to actions based on fraud, as well as violations of the statutes or ordinances by public officials in the entering into the same. To this effect see Donnelly on Public Contracts, paragraph 248, page 360, where the author states that the prevailing rule is to this effect.

There is nothing before us indicating a readiness or a willingness to place the contractor in the instant case in statu quo, or, if unable to do so, the reasons therefor.

The fourth amended petition does not state a cause of action.