## McDevitt, Exr., Appellant, *v.* McDevitt.

Argued April 17, 1950. Before DREW, C. J., STERN, STEARNE and BELL, JJ.

*Frank F. Truscott,* with him *William N. Trinkle,* for appellant.

*Otto Kraus, Jr.,* with him *J. Franklin Nusbaum,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, May 22, 1950:

The controversy in this case concerns the valuation of a deceased partner's interest in the partnership.

Under articles of agreement between Charles B. McDevitt and Richard J. McDevitt, two brothers associated in the general storage and warehouse business, it was provided that, in the event of the death of either, if the survivor should be desirous of continuing the business he should give notice to that effect to the personal representative of the deceased partner's estate and if they were unable to agree upon a valuation of the decedent's interest the matter should be referred to a board of arbitrators whose decision should be binding as to value; the survivor was to have the option to accept the figure so fixed by the board within ten days thereafter; if he did not accept it the business was to be liquidated and the net proceeds divided equally between the two partnership interests. Charles B. McDevitt having died, the surviving partner, Richard J. McDevitt, gave due notice of his desire to continue the business but he and the executor of the decedent's estate were unable to agree upon a valuation of the latter's share. Accordingly they submitted the matter to a board of arbitrators duly appointed in accordance with the provision to that effect in the agreement. After a number of hearings the

arbitrators made a finding that the value of decedent's interest was $150,311.74. They stated in their report that a cash offer had been made on behalf of one Raymond C. McDevitt to Richard J. McDevitt, the surviving partner, in the sum of $215,000 for the latter's share in the partnership, that this offer was refused by him, that he had the option, under the partnership agreement, of continuing the business and was under no obligation to sell his interest to Raymond C. McDevitt, and that the board believed that they were not bound as to value by the offer made by Raymond C. McDevitt and therefore they did not take it into consideration. The executor of the decedent's estate thereupon filed with the court below a petition for a rule to show cause why the award made by the arbitrators should not be vacated under section 10(c) of the Act of April 25, 1927, P. L. 381, on the ground that they had been guilty of misconduct in refusing to hear evidence pertinent and material to the controversy. The court held that while the arbitrators were not *bound* by the $215,000 cash offer in reaching their valuation they *were* bound to consider it with all the other evidence in the case, the court stating, however, that "We express no opinion on the effect the offer should have. The arbitrators may alter their award after considering it or they may not." Accordingly, the court vacated the award and directed that the arbitrators should hold a rehearing. This having been done, the board, one of the three arbitrators dissenting, reported that they had considered *all* the evidence in the record, including the offer made by Raymond C. McDevitt, but they nevertheless found the value of the decedent's interest in the partnership to be the same as their previous award, namely $150,311.74. Thereupon the executor of the decedent's estate again filed a petition for a rule to show cause why the award of the arbitrators should not be vacated. The court,

holding that there was now no error of law appearing on the face of the award, denied the petition, and from that order the present appeal is taken.

At common law, unless the agreement between the parties provides otherwise, arbitrators are the final judges of both law and fact, and an award will not be reviewed or set aside for mistake in either; *Canuso v. Philadelphia*, 326 Pa. 302, 308, 192 A. 133, 136; *Goldstein v. International Ladies' Garment Workers' Union*, 328 Pa. 385, 389, 196 A. 43, 46. But in the present instance it seems to be agreed by both parties that the arbitration under the partnership agreement was to be governed by the Act of April 25, 1927, P. L. 381; that Act provides (section 11(d)) that the court shall modify or correct the award upon the application of any party to the arbitration where the award is against the law and is such that had it been a verdict of the jury the court would have entered a different or other judgment notwithstanding the verdict; therefore mistakes of law, but *only* mistakes of law, may be rectified on appeal: *Navarro Corporation v. Pittsburgh School District*, 344 Pa. 429, 432, 25 A. 2d 808, 810. Whether the court below was correct in holding that Raymond C. McDevitt's offer to purchase the surviving partner's interest for $215,000 should have been taken into consideration by the arbitrators need not presently be passed upon since they obeyed that ruling and it is not now the subject of attack. But appellant contends that the arbitrators could not have given weight to the offer because they did not change their former award and therefore they must have continued their refusal to consider it. The arbitrators' statement, however, is to the contrary and it is not necessarily refuted by the fact that they held to their original award. Even assuming that Raymond C. McDevitt's offer was made in good faith it may have been motivated by many other considerations than the

actual value of a half interest in the partnership; he may have had a special purpose of his own in making it, but even if it represented his actual appraisal of the value it constituted at best nothing more than the opinion of a lay individual. Certainly he, a third person, could not, merely by an offer to purchase the surviving partner's interest, increase the amount which the latter should be obliged to pay to the estate of the deceased partner for the latter's interest on the sole basis of a fair valuation. The arbitrators heard and considered testimony offered by both parties as to the value of all the partnership assets, including the land, buildings, plant equipment, trucks, office furniture, franchises and good will; the surviving partner's estimate of the value of a half interest was $110,000 but the arbitrators awarded approximately $150,000; it is to be noted that even the dissenting arbitrator did not accept the offer of $215,000 as conclusive but fixed his own valuation at $178,000. The value found by the board, in the absence of any error of law on their part, must, under the statute, be accepted with the same force and effect as the verdict of a jury. The partnership agreement itself provided that the conclusion arrived at by the board *should be binding as to value.*

The agreement provided that if the value fixed by the board of arbitrators were accepted by the surviving partner he should assume all obligations of the partnership and should pay to the representative of the decedent's estate on the 15th day of each February thereafter 25 per cent of the net profits of the business for the preceding calendar year until the full amount due was paid, the surviving partner being entitled meanwhile to weekly withdrawals of $100, which amounts should not be included in the net profits. The question arose between the parties as to whether this provision meant that the amount fixed by the arbitrators was to

be paid by the surviving partner to the decedent's estate only by accounting to the latter each year for 25 per cent of the net profits, or whether the entire amount was to be payable immediately, with the addition — in the nature of interest—of 25 per cent of the net profits accruing from the date of the death of the deceased partner until payment of the award was made. It seems reasonably clear that the latter interpretation is the correct one since it could scarcely have been the intention of the partners that the decedent's interest should be paid out only over the course of an indefinite number of years and then only if the surviving partner's prosecution of the business proved to be successful. Appellant contends that the proper construction of this provision should have been determined by the board of arbitrators and that their award should be vacated under section 10(d) of the Act of April 25, 1927, P. L. 381, because of the imperfect execution of their powers in that they failed to make a final and definite award upon the subject matter submitted to them. Appellant, however, overlooks a provision of the partnership agreement that it was only matters not specifically provided for by the terms of the agreement that were to be submitted for determination by the arbitrators; the question as to the manner in which the award fixed by the arbitrators was to be paid *is* provided for in the agreement itself, and whatever ambiguity there may be in the provision must be resolved by the court and not by the board of arbitrators. Arbitration agreements are strictly construed and are not to be extended by implication: *J. S. Cornell & Son, Inc. v. Rosenwald,* 339 Pa. 18, 13 A. 2d 716; *Margolies v. Zimmerman,* 341 Pa. 493, 19 A. 2d 737.

The order of the court below denying appellant's petition is affirmed at appellant's costs.