## Scott Township School District Authority *v.* Branna Construction Corporation, Appellant.

Argued October 4, 1962.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Theodore D. Fischer,* with him *Markel & Markel,* for appellant.

*David M. Harrison,* with him *Harrison & Louik,* for appellee.

OPINION BY MR. JUSTICE COHEN, November 13, 1962:
Appellee, a school district authority, after advertisement and formal competitive bidding as required by statute, declared appellant-contractor the low bidder of $329,700 for construction of the Foxcraft Elementary School.   Work was started in June 1954 in accordance

with the plans and specifications as advertised. The school was finished and occupied in September 1955 and all but $3,234 was paid on the contract.[1] One year later appellant made a claim for extra work performed in the construction of the school. When appellee resisted this claim, appellant obtained an order from the court below directing that the controversy be submitted to arbitration as provided in the contract between the parties.

The three arbitrators were presented with eleven claims by appellant for extra work done under the contract and with three counterclaims by appellee.[2] By a vote of two to one, they found merit in eight of appellant's claims and awarded it $21,366.26. By the same vote, they denied all of appellee's counterclaims.

Appellee then filed a timely petition with the court below to correct or modify the arbitration award. The court granted the petition and made two determinations: (1) it disallowed all of appellant's claims for extra work; (2) it granted appellee's claim of $13,248 for recovery of payments made to appellant under the contract. This appeal followed.

We will deal with these rulings of the court below separately because they require different dispositions.

The claims of appellant for extra work performed under the contract were based upon oral change orders. No formal work orders were executed either by the architect or by appellee and no changes were made in the plans or specifications. Thus the issue was raised whether the contract permitted oral change orders and, if it did, whether such a public contract is valid. The arbitrators interpreted the contract as permitting oral

---

[1] Appellee admitted that this sum was still owing but argued that it was offset by appellee's counterclaim.

[2] The only counterclaim raised in this appeal is for the recovery of payments from appellant because of its failure to perform certain work required by the contract.

change orders; the court below held that written orders were necessary.

Before discussing the merits of this question, we must dispose of appellant's argument that the arbitrators' interpretation of the contract on this point was not subject to review by the court below. While this argument would have merit if this had been a common-law arbitration, see *Freeman v. Ajax Foundry Products, Inc.*, 398 Pa. 457, 159 A. 2d 708 (1960), the arbitration in this case was held under the Arbitration Act of April 25, 1927, P. L. 381, No. 248, 5 P.S. §161 et seq. Section 11(d) of that act (5 P.S. §171) provides that the court may modify or correct an award "where the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict." Although the distinction between questions of law and questions of fact is not a clear one, our cases generally have held that interpretations of contracts are questions of law within the meaning of section 11(d). *Navarro Corporation v. Pittsburgh School District*, 344 Pa. 429, 25 A. 2d 808 (1942); *Philadelphia Housing Authority v. Turner Construction Company*, 343 Pa. 512, 23 A. 2d 426 (1942). In *Emporium Area Joint School Authority v. Anundson Construction and Building Supply Co.*, 191 Pa. Superior Ct. 372, 156 A. 2d 554 (1959), rev'd on other grounds, 402 Pa. 81, 166 A. 2d 269 (1960), the Superior Court held that the arbitrators' decision on the identical question presented in this case was reviewable by the courts under section 11(d). Consequently, the court below was empowered to decide whether the contract permitted oral change orders.

Upon reviewing the excerpts from the contract dealing with work changes as printed in the record, we conclude that the lower court was correct in its interpretation.

Although the contract is not as clear as it should have been on this very important question, it does provide that all communications between the parties to the contract should be binding only when in writing. In addition, it specifically states that the contractor should notify the architect in writing of any unforeseen rock formations requiring blasting. We thus agree with the court below that the arbitrators incorrectly interpreted the contract.[3]

Where a public contract states the procedure in regard to work changes and extras, claims for extras will not be allowed unless these provisions have been strictly followed. *Morgan v. Johnstown,* 306 Pa. 456, 160 Atl. 696 (1931); *Emporium Area Joint School Authority v. Anundson Construction and Building Supply Co.,* supra. As we said in *Brobst v. City of Reading,* 236 Pa. 627, 630, 85 Atl. 31, 32 (1912), "unless contractors are held to specifications and calls for bids upon them, [the specifications] will, instead of serving to guide bidders and protect the public, become as to both, a sham and a snare." Accordingly, we affirm the court below in dismissing appellant's claims for extra work.

The second question before the court below was the disposition of appellee's claim for restitution of funds from appellant because of the latter's failure to perform certain work required by the original contract. During the course of constructing a playground area as provided in the contract, appellant came upon some unforeseen rock formations the removal of which would have cost appellee an additional amount of money. The matter was discussed with the architect and with various members of the Authority and, although the exact arrangement is not clear, it was *orally* agreed that ap-

---

[3] Hence, in this case we do not reach the question whether a public contract providing for oral change orders is violative of public policy.

pellant should do other excavation work instead of that called for in the contract and should build the playground in a different area of the school grounds. The substitute work was completed by appellant and payment made as provided for in the contract. In denying appellee's claim, the arbitrators held that the contract permitted oral change orders. For the reasons discussed above, the court below properly ruled that this was an incorrect interpretation of the contract. Instead of resubmitting the claim to the arbitrators to ascertain what amount was due, however, the court below entered judgment on the claim in favor of appellee for $13,248, basing this figure on the testimony of appellee's witnesses before the arbitrators that 27,600 cubic yards were not excavated under the original contract and that forty-eight cents per yard was a fair and reasonable price for this work.

The entry of judgment on the claim by the court below was error for two reasons. In the first place, even assuming that appellant was liable for the difference between the amount of excavation required by the contract and the amount actually done, the arbitrators were not bound to accept the figures submitted by appellee's witnesses, and it was error for the court below to do so. In calculating appellant's claims for extra work, the arbitrators on several occasions arrived at different figures than those submitted by appellant's uncontradicted witnesses. Questions such as the amount of work not done under a contract and the value of such work are not only particularly suitable for arbitrators who can bring their personal expertise to bear on such problems, but would seem to be questions of fact not reviewable by the courts under the Act of 1927. See *McDevitt v. McDevitt*, 365 Pa. 18, 73 A. 2d 394 (1950).[4]

---

[4] Nor did the dissenting arbitrator who correctly interpreted the contract give his opinion as to the value of the work not performed under the original contract.

The second error of the court below on this point was its implicit assumption that appellee could maintain this restitutionary action to recover for work not done under the original contract without giving appellant credit for the work done under the oral, unauthorized contract. In effect, appellee is trying to recover $13,248—the alleged value of the work not performed—which it voluntarily paid to appellant with knowledge that the playground had been built in another section of the school grounds, while at the same time retaining without cost to it the playground and excavation work done under the oral contract. This it cannot do. Where a public body has accepted the benefits and voluntarily tendered the consideration on an unauthorized contract, it cannot maintain an action to recover the payments unless a denial of recovery will result in an unjust enrichment of the other party. *Bride v. City of Slater*, 263 S.W. 2d 22 (Mo. 1953); *Herzig v. Hunkin Conkey Const. Co.*, 101 N.E. 2d 255 (Ohio App. 1941); Restatement, Restitution §65 (1936). The equitable remedy of restitution cannot be utilized to produce the inequitable result reached by the court below.

Accordingly, we resubmit appellee's claim to the arbitrators in accordance with section 11[5] to determine, based on their own independent calculations, what amount is due on appellee's claim. If they find that the value of the substitute work equals the value of the work required by the original contract, they should deny appellee's claim and enter judgment for appellant in the amount of $3,234, the admitted unpaid balance on the contract.

Affirmed in part and reversed in part.

---

[5] Section 11 provides that the court "may modify and correct the award or resubmit the matter to the arbitrators."