Scott Township School District Authority,
Appellant, *v.* Branna Construction
Corporation.

Argued October 4, 1965. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*David M. Harrison,* for appellant.

*Myron B. Markel,* with him *Markel, Markel, Levenson & Fischer,* for appellee.

OPINION PER CURIAM, November 9, 1965:
The facts appear in *Scott Township School District Authority v. Branna Construction Corporation,* 409 Pa. 136, 185 A. 2d 320 (1962), our prior decision in this

case. It was decided there that the lower court be affirmed in dismissing the claims of Branna Construction Corporation for unauthorized work done. We also held that equitable principles of restitution prevented the Authority from both accepting the benefits it did not have to pay for and seeking restitution of moneys paid for work unperformed. The case was thereupon resubmitted to the arbitrators to determine whether the unauthorized work equalled in value the work paid for but not performed, and if so, to award the unpaid balance under the contract amounting to $3,234, to the construction corporation.

In our prior opinion we misstated the description and location of the substitute work done; however, that error is immaterial and does not affect the decision.

Appellant now questions the determination denying restitution on the factual issue of whether or not the Authority's overpayments were voluntary. At *409 Pa. 136,* we said at page 142, "Where a public body has accepted the benefits and voluntarily tendered the consideration on an unauthorized contract, it cannot maintain an action to recover the payments unless a denial of recovery will result in an unjust enrichment of the other party". While payment or tender must have been voluntary and on the unauthorized contract, as it was here, it need not have been with knowledge of the substitute work performed or the work unperformed. The cases we cited make this clear. " 'The rule rests upon that principle of common honesty that imposes an obligation to do justice upon all persons, natural as well as artificial. . . .' ", *Herzig v. Hunkin Conkey Construction Company,* 101 N.E. 2d 255 (Ohio App. 1941), and not upon the formalities of a corporate Authority's minutes or the law of agency.

The order of the lower court is affirmed.