## Hildebrandt v. State Farm Mutual Automobile Insurance Company

*Edward B. McDaid*, for plaintiff.
*Michael A. Georgelis*, for defendant.

MUELLER, *J.*, November 4, 1982—Before the court is defendant's petition to vacate, modify or correct the award of a panel of arbitrators. The arbitrators were selected pursuant to a provision in the automobile insurance policy issued by petitioner to plaintiff-respondent's husband. Petitioner-defendant is the State Farm Mutual Automobile Insurance Company (hereinafter referred to as State Farm). Plaintiff-respondent is Astrid Hildebrandt, in her own right and as parent and natural guardian of her two minor daughters, Michelle and Melissa (hereinafter referred to as Astrid Hildebrandt).

An accident occurred on May 31, 1980, in the 300 block of North Queen Street in the City of Lancaster. The facts are not in dispute and are recited in the majority decision attached to State Farm's petition as "Exhibit B." Astrid Hildebrandt saw her daughter, Pamela, standing between two parked cars seconds before she heard the screech of

brakes. She knew that Pamela's intention was to cross the street to go to her house on the other side. Astrid Hildebrandt had asked Pamela to wait for her. The screech came while Astrid Hildebrandt was attending a customer inside a store. She knew that the screech of brakes and her daughter were inextricably connected. She immediately ran out of the store and saw her injured daughter. Pamela died from the injuries sustained from this accident. The car was driven by an uninsured motorist Margaret Joyce Pugliese.

Robert Hildebrandt, the administrator of Pamela's estate, filed an uninsured motorist action seeking damages under the Wrongful Death and Survivor Acts. State Farm denied this demand, and Robert Hildebrandt invoked the provision of the insurance policy allowing for disputes to be submitted to arbitration pursuant to the Arbitration Act of 1927, now repealed. An arbitration hearing was held resulting in an award in favor of Robert Hildebrandt in the amount of $15,000, the limit of the policy.

Astrid Hildebrandt then commenced a second action against State Farm under the no-fault coverage seeking work-loss benefits for the child's estate. The action was brought at May term, 1981, no. 351, in the Court of Common Pleas of Philadelphia County. Arbitration was held on January 5, 1982 and resulted in an award of $15,000 together with 18 percent interest and attorney fees. This award was appealed by State Farm.

Astrid Hildebrandt subsequently brought an action against State Farm under the uninsured motorist coverage on behalf of herself and her two minor daughters seeking $15,000 in uninsured motorist benefits. This claim was based on emotional distress suffered by her and by her surviving

children as a result of having witnessed Pamela's death.[1] A hearing was held before a panel of arbitrators in Lancaster on April 16, 1982. A decision was rendered by two of the three arbitrators in favor of Astrid Hildebrandt in her own right for $15,000. The majority denied recovery to the two minor daughters, Michelle and Melissa, holding that they had not witnessed the accident but that Astrid Hildebrandt had. State Farm filed this appeal asking this court to vacate, modify or correct the arbitrator's award. Astrid Hildebrandt answered State Farm's petition and asked this court to affirm the arbitrators' judgment and to award reasonable counsel fees.

The first issue is whether the decision of the arbitrators is properly before the court for review. Both parties concede this court has jurisdiction to modify or correct the award if the award is contrary to law and is such that had it been a verdict for a jury the court would have entered a different judgment or a judgment notwithstanding the verdict. 42 Pa.C.S.A. §7302(d)(2).

The second issue raised by State Farm is whether the majority of the arbitration panel erred in awarding emotional distress damages to Astrid Hildebrandt under the Pennsylvania Supreme Court's decision in *Sinn v. Burd*, 486 Pa. 146 (1979), even though she did not witness the accident. The crux of this issue is the interpretation of "witness." The court concedes that the facts in this case lend themselves to a liberal application of the *Sinn v. Burd* doctrine. However, this court is not in

---

1. The word "witnessed" is not used as in *Sinn v. Burd*, 486 Pa. 146 (1979), which extended the right to recover for emotional distress from individuals within the "zone of danger" to those who among other factors have "witnessed" the accident.

a position to, in effect, extend the *Sinn v. Burd* doctrine, just as it was improper for the majority of the Board of Arbitration to do. *Sinn v. Burd*, supra, overruled the prior theory of recovery, namely being in the "zone of danger," as enunciated in *Niederman v. Brodsky*, 436 Pa. 401 (1970).

In *Sinn* the court stated:[2]

"When the bystander is a mother who witnessed the violent death of her small child *and the emotional shock emanated directly from personal observation of the event*, we hold as a matter of law that the mental distress and its effect is a foreseeable injury." (Emphasis added.)

Footnotes 15 in Justice Nix's opinion states, "Our decision today is limited solely to those cases in which plaintiff alleges psychic injury as a result of actually witnessing defendant's negligent act." Taking the language in the Supreme Court's opinion literally, this court can only come to the conclusion that "witness" meant one who is a bystander to the accident and sees the accident yet is not within the "zone of danger." To interpret more broadly the language of the Supreme Court's opinion would be an extension of the doctrine, which this court is disinclined to do. The implications and potential complications in changing a doctrine from actual observation to merely witnessing an accident, as the majority of the arbitrators define "witness," involves substantial policy considerations which should be resolved by an appellate court. In light of

2. *Sinn v. Burd*, supra, was a plurality opinion in which Justice Nix wrote the lead opinion, C.J. Eagen specially concurred an filed an opinion, J. Larsen concurred in the result, J. Roberts dissented and filed an opinion in which J. O'Brien joined. The quotation and following footnote are from the lead opinion by Justice Nix.

these policy considerations, this court feels the review in this case is extremely narrow. State Farm in its brief concedes, as is stated in the dissenting opinion of arbitrator Zimmerman (attached to State Farms's Petition as "Exhibit B"), that the conclusion reached by the majority of the arbitration panel may not be an unreasonable extension of the Sinn decision, yet points out that it is clearly an extension which the arbitration panel was without authority to make and constitutes a mistake of law. The court agrees.

This court has jurisdiction to correct a mistake of law made by the arbitrators. See: Scott Township School District Authority v. Branna, 409 Pa. 136 (1962); and 42 Pa.C.S.A. §7302(d)(2). The court can vacate an aribitration award pursuant to 42 Pa.C.S.A. §7314(a)(1)(iii). The arbitrators' decision awarding $15,000 to Astrid Hildebrandt for emotional distress must be vacated as it does not conform to the present law in the Commonwealth.

The last issue raised by State Farm is whether the payment by State Farm to Robert Hildebrandt on the wrongful death claim exhausted State Farm's limit of liability under it policy. Although the court need go no further following our determination of the second issue, we are inclined to do so.

The limitation of liability language in the policy (see Stipulation by the parties filed on October 21, 1982) provides $15,000 for each person under the motor vehicle bodily injury coverage and $30,000 for each accident. This means that if Astrid Hildebrandt's injuries are seen as consequential to her daughter, since the limits of liability under the policy have already been met for one person, no recovery can be had. However, if her injuries are direct to her, she can collect the additional $15,000 as the limit applicable to any one accident is $30,000. A

determination must be made as to whether Astrid Hildebrandt's damages are consequential or direct. There was evidence at the arbitration hearing which indicated that Astrid became immediately emotionally upset. She had to receive treatment at the hospital and experienced both nausea and vomiting which continued for some time. She also became depressed and nervous which required attention from her family doctor in the form of antidepressant medications and tranquilizers. The court finds this is sufficient evidence to conclude that Astrid Hildebrandt suffered bodily injury following the accident and would be entitled to recover in her own right for her direct damages. The court agrees with all three arbitrators on this issue.

## ORDER

And now, November 4, 1982, the court vacates the panel of arbitrators' award granting Astrid Hildebrandt $15,000 for the emotional distress which she suffered as a result of her daughter's death.