**Earley v. Aetna Casualty & Surety Company**

*Clement & Kisailus,* for plaintiffs.
*James P. Harris, Jr.,* for defendant.
DALESSANDRO, J., July 21, 1972.—

## NATURE OF PROCEEDINGS

Preliminary objections of defendant, Aetna Casualty & Surety Company, in the nature of (1) a demurrer, (2) a motion to strike the complaint and (3) a motion for more specific complaint, as they pertain to both suits captioned above. Both cases involved common questions of facts and law.

## ALLEGED FACTS

On June 3, 1964, Mary Potorski of 1409 Plane Street, Avoca, Pa., purchased and contracted for an "auto-rite" liability insurance policy from defendant, Aetna Casualty and Surety Company (hereinafter referred to as Aetna), through its duly authorized agent, Leonard Selenski (hereinafter referred to as Selenski) of 62 Second Street, Wyoming, Luzerne County, Pa., wherein the insured persons were Mary Potorski (mother) owner of a 1957 Chevrolet 210 sedan, Joseph Potorski, her son, and Mary Ann Potorski, her daughter. Mrs. Potorski paid Mr. Selenski a premium of $116 for one-year's liability coverage from June 3, 1964, for $25,000 for each occurrence. There is no indication that Mrs. Potorski ever received the insurance policy; however, she did receive an "auto-rite policy 20 days binder" stating "prepaid $116.00" and "received from the named insured for premium payment $116.00 . . . on June 3, 1964, signed Leonard Selenski."

On January 9, 1965, Barbara Glowaniak (now Barbara Earley and hereinafter referred to as Barbara Earley) and Edward Francis were passengers in the

Potorski Chevrolet which was driven by Joseph Potor-ski when it hit a pole and caused injury to Barbara Earley and Edward Francis. The Potorski family timely reported the accident to Selenski for the purpose of having Aetna handle the claims of Barbara Earley and Edward Francis against them. Selenski and Aetna told Mary Potorski that there was no contract of insurance in existence on the date of the accident and that neither Selenski nor Aetna would defend or insure Mary Potorski or her son, Joseph, against any claims or liability resulting from the aforementioned accident.

On April 20, 1966, Barbara Earley filed suit against Mary and Joseph Potorski in Luzerne County to May term, 1966, no. 1291, and Edward Francis filed suit on the same date against Mary and Joseph Potorski in Luzerne County to January term, 1967, no. 1064, for damages resulting from the accident. Because of the refusal of Selenski and Aetna to handle the claims, the Potorski family obtained private counsel and settlements were eventually agreed to as follows:

For Barbara Earley—$9,000—Judgment entered
    12-31-70 against Mary & Joseph Potorski.
For Edward Francis—$9,500—Judgment entered
    1-7-71 against Mary & Joseph Potorski.

After the agreed settlements and judgments, Mary and Joseph Potorski assigned to Barbara Earley and Edward Francis their claims against Aetna for failure to provide them with liability insurance coverage and/or defense to the respective lawsuits.

The complaints in issue are those brought by Barbara Earley and Edward Francis under the rights they claim they own by virtue of the assignment which they received from the Potorskis. In the first count of each complaint, demand is made upon Aetna under the alleged contract of insurance and in the

second count of each complaint demand is made upon Selenski as the insurer.

The court concludes that all three preliminary objections of Aetna are denied as hereinafter stated.

## DEMURRER

In its demurrer, Aetna claims:

1. The complaints fail to allege that an auto-rite policy was executed and delivered to plaintiffs' assignor.

2. The 20-day binder issued by Selenski automatically expired prior to the date of the alleged accident.

3. If the written 20-day binder and the alleged contemporaneous oral representation to extend the coverage for one year constitutes one agreement, plaintiffs cannot recover against Aetna on the basis of said oral representation in the absence of fraud, accident or mistake.

4. Plaintiffs cannot recover because of the failure to allege that the representation of the annual coverage was authorized or ratified by defendant, Aetna.

5. The bare allegations of agency are conclusions of law and are contrary to the law that an insurance broker is the general agent of the insured for the procuring of a policy and remains the insured's agent during the term of the policy.

We will consider the various bases of the demurrer individually. The general rules applicable to the demurrer are as follows:

A demurrer admits every well-pleaded, material, relevant fact set forth in the complaint and every inference fairly deducible from the facts pleaded (Clevenstein v. Rizzuto, Appellant, 439 Pa. 397; Hoffman v. Misericordia Hospital of Philadelphia, 439 Pa.

501, 503), and all facts of which the court may take judicial notice: West Norriton Township v. Abel Investment Co., 19 D. & C. 2d 58.

"In determining whether a demurrer should be sustained and the complaint dismissed the question presented is whether, on the facts averred, the law says with certainty that no recovery is possible": Hoffman v. Misericordia Hospital of Philadelphia, 439 Pa. 501, 503.

"Judgment in favor of the demurring party cannot be entered when there is any doubt as to the propriety of the entry of such a judgment. It may only be entered when it is clear that the demurring party is entitled to it": 2 Anderson Pa. Civ. Prac. §1017.61, pages 534-536; Hoffman v. Misericordia Hospital of Philadelphia, 439 Pa. 501; Clevenstein v. Rizzuto, 439 Pa. 397.

1. A contract of insurance can exist even though a policy has not been delivered to the insured: Hamilton v. Lycoming Mutual Insurance Co., 5 Pa. 339; Levan v. Pottstown Railway Co., 279 Pa. 381; Rossi v. Firemen's Ins. Co., 310 Pa. 242; Harris v. Meyers, 160 Pa. Superior Ct. 607.

While it is true that the complaints fail to allege that a written auto-rite policy was executed and delivered to Potorski, they do allege that Aetna's agent Selenski quoted and collected a premium of $116 for one-year's coverage from June 3, 1964, that he issued the written 20-day binder, and that he represented, stated and agreed with Potorski that the $116 premium provided coverage for a period of one year from June 3, 1964, which Potorski relied upon as being insured for one year.

An indemnity insurance contract, unless prohibited by statute, may rest upon a parol agreement without delivery of the policy to the insured: Hamilton v.

Lycoming Mutual Insurance Co., 5 Pa. 339; Levan v. Pottstown Railway Co., 279 Pa. 381; Rossi v. Firemen's Insurance Co., 310 Pa. 242; Harris v. Meyers, 160 Pa. Superior Ct. 607.

"No principle of the common law requires that contracts of insurance, any more than other simple contracts, need be in writing, and therefore, in the absence of charter or statutory regulations forbidding them, oral contracts of insurance are valid." Hamilton v. Insurance Company, 5 Pa. 339; Levan v. Pottstown Railway Co., 279 Pa. 381; Rossi v. Firemen's Insurance Co., 310 Pa. 242; Harris v. Meyers, 160 Pa. Superior Ct. 607.

No statutory prohibition has been pointed out to the court, nor are we aware of any. It is evident that plaintiffs' alleged causes of action lie upon an oral contract of insurance.

2. That the written binder issued by Selenski as agent of Aetna was, on its face, for 20 days and that 20 days had elapsed prior to the date of the alleged accident of plaintiffs' assignor is not controlling, since the complaint alleges facts which, if proven, would establish an oral contract of insurance. It is an obvious inference that the written binder, which indicates that the premium was prepaid, was a mere form utilized as a receipt pending the issuance of the written policy or the refusal of the insurance. There is nothing in any *pleadings* to indicate that Aetna has not received the $116 annual premium nor is there anything to indicate that Aetna refused to write the policy before the claim was submitted. Further, there is nothing to indicate that Aetna or Selenski returned the $116 to Potorski. If Aetna's second argument in its demurrer were to be accepted to the effect that there was insurance but only for 20 days, it would mean that the cost for that period of coverage

was $116 and that Aetna's premium for a one-year auto liability policy with coverage of the type stated in the binder would be $2,117. Aetna's second argument defeats itself.

3. Defendant Aetna argues that the parol evidence rule limits our inquiry to the written 20-day binder, that, in the absence of fraud, accident or mistake, the alleged contemporaneous oral representations of agent Selenski to provide coverage for one year are barred by the parol evidence rule, and that plaintiffs cannot recover on the 20-day binder as 20 days had elapsed prior to the date of the accident. The parol evidence rule is not applicable where a writing is not the basis of the action and it is only collaterally involved: Martin v. Wilson, 371 Pa. 529. The basis of the immediate action is not solely the written 20-day binder but the oral representations of agent Selenski that upon payment of $116, the annual premium, the Potorskis would be covered for a period of one year.

It is a fair inference, based on the allegations contained in the complaint, that the 20-day written binder was not purported to contain the entire agreement between the parties. We must accept these allegations for the purpose of determining this demurrer.

4. Aetna's contention that plaintiffs have not alleged that the representation of annual coverage was authorized or ratified by Aetna is likewise contrary to the facts alleged in the complaints. In paragraph 4 it is specifically stated that Selenski at all times material to this cause of action had the actual and apparent authority from Aetna to provide the automobile liability insurance coverage. The allegation of the agreement to provide coverage for one year is, of course, material to the cause of action and the agency of Selenski is properly pleaded.

5. Aetna's contention that the allegations of

agency are mere conclusions of law, and that, in fact, he was an insurance broker and thus the agent for Potorski is without merit. "It is equally well established that allegations of agency and of the agent's authority are allegations of fact and not conclusions of law": Mercy Hospital v. City of Pittsburgh, 15 D. & C. 2d 603, 609. These allegations must be accepted as true for purposes of this demurrer: Mercy Hospital v. City of Pittsburgh, supra.

Based on the law applicable and the alleged facts, the demurrer of defendant Aetna is overruled.

## MOTION TO STRIKE

Defendant has advanced the following reasons to strike the plaintiffs' complaints:

1. The complaints fail to state whether the causes of action are joint or several as to each defendant, as required by Pa. R. C. P. 2229(b).

2. The causes of action are inconsistent, but the complaints fail to comply with Pa. R. C. P. 1020(c), 1021 and 1024(b) regarding alternative pleading.

3. Plaintiffs have failed to attach a copy of the insurance policy sued upon or to explain why it is not in their possession, as required by Pa. R. C. P. 1019(b).

We shall consider each ground separately:

The first two grounds of defendant Aetna's motion to strike which relate directly to plaintiffs' alleged cause of action against Selenski are dismissed. They refer to bringing suit in the alternative, requesting relief in the alternative, and the verification of inconsistent facts.

Pennsylvania Rule of Civil Procedure 2002(a) requires that all actions shall be prosecuted by and in the name of the real party in interest, without distinc-

tion between contracts under seal and parol contracts. The assignee of a claim on an insurance contract is the real party in interest in an action on the contract: Richard v. Camden Fire Ins. Co., 4 Monroe 84.

Plaintiffs derive their right to institute an action against Aetna by virtue of an assignment from the Potorskis. A review of the pleadings indicates plaintiffs have no assignment of rights against Selenski nor have plaintiffs personally entered into an insurance contract with Selenski. Therefore, plaintiffs have properly pleaded only one cause of action and it is against Aetna. In the claim against Aetna, plaintiffs do not allege any inconsistent facts. There is no requirement for plaintiffs to plead in the alternative or to verify inconsistent facts. Aetna's preliminary objections in the nature of a motion to strike have no merit.

Defendant further moves to strike the complaint because plaintiffs have not complied with Pennsylvania Rule of Civil Procedure 1019(h). This rule provides:

"A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing."

Defendants refer to plaintiffs' failure to attach a copy of the auto-rite policy to the complaint or explain the reason why it cannot be attached as a basis for their motion to strike.

Paragraph four of plaintiffs' complaints alleges that at all times material to this cause of action, defendant Selenski was vested by defendant Aetna

with actual and apparent authority to sell, issue and provide automobile insurance to the public. Paragraph eleven of the said complaint alleges that defendant Selenski represented, stated and agreed with Mary Potorski that upon payment of the said $116 annual premium, the said Mary Potorski, Joseph Potorski and Maryann Potorski would be covered under the terms of the standard Aetna auto-rite policy for a period of one year.

In Ledondici v. Wartella, 41 Luz. 319, at 320 (1950), the court held that:

". . . if a party 'fails to aver that the claim is based upon a writing, it must be assumed that (the) claim is based upon an oral contract. Only when a claim is based upon a writing need that fact be averred.' "

In accordance with the above principle are Harvey Probber, Inc. v. Kauffman, 181 Pa. Superior Ct. 281; Fawcett v. Vulcan Iron Works, 40 Luz. 422; Goodrich-Amram Civil Practice, §1019(h)-1, page 131. In the present case, plaintiffs do not aver that their claims are based upon a writing. Plaintiffs allege only that defendant Selenski represented, stated and agreed, and in the absence of any averment that the representation, statement and agreement were in writing, they are to be regarded as oral: Fawcett v. Vulcan Iron Works, 40 Luz. 422. The complaint, therefore, sets forth a claim based upon an oral contract of insurance. The requirements of Pa. R. C. P. 1019(h) that the pleader shall attach a copy of the writing upon which his claim is based or if it is not accessible to him, so state and give reason, therefore, do not apply.

Defendant Aetna's motion to strike plaintiffs' complaints for noncompliance with rule 1019(h) is denied.

## MOTION FOR MORE SPECIFIC COMPLAINT

Defendants have filed a motion for a more specific

complaint requesting a statement of facts showing the alleged apparent authority of defendant Selenski. Defendants' motion is denied for two reasons.

First: "When the plaintiff claims that the defendant is liable because of the acts of the latter's agent, it is necessary to aver that the agent was authorized": 2A Anderson's Pa. Civ. Prac. §1019.35, page 170 (1969 Edition); Dauphin Electrical Supplies Co. v. Springfield Fire & Marine Insurance Co., 81 Dauph. 191. Paragraph four of plaintiffs' complaints alleges that at all times material to the cause of action defendant Selenski was vested by defendant with actual and apparent authority to sell, issue and provide automobile insurance to the public. This averment is sufficient to indicate that defendant Selenski was an authorized agent of Aetna.

Second: "It is not necessary to plead the details on which the authorization or ratification or use . . . is based. To require this would be to require the pleading of evidence in violation of the implicit limitation on Rule 1019(a) and would depart from the express command of Rule 1019(a) that 'the material facts . . . be stated in a concise and summary form' ": 2A Anderson's Pa. Civ. Prac. §1019.35, page 171 (1969 Edition).

Plaintiffs' complaints do not allege the detail on which the alleged authorization is based, nor are plaintiffs required to do so. Defendant Aetna's motion for more specific complaint is denied.


## ORDER

Now, July 21, 1972, at 10 a.m., it is hereby ordered and decreed that all preliminary objections of defendant, Aetna, are denied, and defendant is allowed 20 days within which to file an answer.