# Levan *v.* Pottstown, Phœnixville Ry. Co. et al.

*Workmen's compensation—Insurance carrier—Existence of contract of insurance—Evidence—Delivery of policy—Cancellation—Act of June 2, 1915, P. L. 769—Joining insurance carrier as party—Estoppel—Waiver.*

1. Insurance is an indemnity contract and may be effectual without delivery of a policy to the insured; and, except as otherwise provided by statute or charter, may rest upon a parol contract.

2. It is sufficient for such contract that the parties have reached an agreement as to the insurance, in other words, that their minds have met.

3. To effect the cancellation of an insurance policy, the condition upon which the right so to do depends, must be strictly complied with. If notice of cancellation is required to the assured, such notice must be given.

4. An insurance company is liable on its policy, as an insurance carrier in a workmen's compensation case, where it appears the policy was properly executed, that it was delivered to the company's agent, but not actually delivered to the employer, that demands were made for payment of premiums, that notice of the issuance was given to the state department, that notice of cancellation was given to the department as required by law, but no notice to the insured as required by the policy itself, and that the course of dealing with the insured showed that the insurance company deemed the policy in effect at the time of the accident.

5. Not decided whether the filing of a copy of the insurance policy with the State Insurance Department would estop the insurer from denying the existence of the insurance.

6. It is not error for a referee in a workmen's compensation case to join the insurance carrier as a party defendant, inasmuch as no action can be taken until the carrier becomes a party of record, under the Act of June 2, 1915, P. L. 769.

Argued January 11, 1924. Appeal, No. 125, Jan. T., 1924, by Utilities Mutual Insurance Company, insurance carrier, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1922, No. 5951, affirming decision of Workmen's Compensation Board, in case of Esther M. Levan v. Pottstown, Phœnixville Railway Co. and Utilities Mutual

382    LEVAN *v.* POTTSTOWN, P. RY. CO. et al.

Insurance Co. of New York, insurance carrier.    Before
MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and
SADLER, JJ.    Affirmed.

Appeal from decision of Workmen's Compensation
Board, which sustained award of referee in favor of
claimant.    Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Decision affirmed.    Utilities Mutual Insurance Company, insurance carrier, appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*John P. Connelly,* for appellant.—The policy was not
in effect at the time of the accident: Hamilton v. Ins.
Co., 5 Pa. 339; Pennsburg Mfg. Co. v. Ins. Co., 16 Pa.
Superior Ct. 91; Pottsville Mut. F. I. Co. v. Improvement Co., 100 Pa. 137.

*Jesse R. Evans,* for appellee.—The positive acts of appellant show clearly that it recognized the existence of a
binding contract of insurance, and such acts estopped
it from denying liability after the happening of the accident: Long v. Ins. Co., 137 Pa. 335.

In Pennsylvania the law even permits oral contracts
of insurance: Lenox v. Ins. Co., 165 Pa. 575; Ripka v.
Ins. Co., 36 Pa. Superior Ct. 517; Benner v. Fire Assn.
of Phila., 229 Pa. 75.

OPINION BY MR. JUSTICE WALLING, February 11, 1924:

On July 16, 1921, Calvin B. Levan was accidentally
killed while in the employ of the Pottstown, Phœnixville
Railway Company, defendant, and by proceedings under
the Workmen's Compensation Law, his widow, the plaintiff, was awarded compensation for herself and children.
While the case was before the referee, the Utilities
Mutual Insurance Company of New York was brought
upon the record as insurance carrier.    The referee, com-

pensation board and lower court, held the insurance company liable as such carrier; from which it brought this appeal.

The question is whether at the time of the accident defendant was insured by appellant. Admittedly it had been for the years 1919 and 1920, by liability policies duly issued, but for the year 1921, while a like policy had been executed by appellant and forwarded to its agent in Philadelphia, it had never been delivered to defendant railway company, possibly because of its failure to pay the premium on the 1920 policy. There is no provision in the policy that it shall become effective only on delivery or on payment of premium; in fact, the latter is payable in monthly installments, tentatively fixed on estimates, but subject to final adjustment based on defendant's pay roll for the year. The insurance for 1920 was clearly valid, notwithstanding defendant's failure to pay the premium, as that for 1921 would have been had the policy been delivered. Moreover, the facts and circumstances are sufficient to support the finding that the insurance for 1921 was actually in force; among which facts, etc., are defendant's application for the insurance and the execution and forwarding of the policy by appellant, its repeated requests for payment of premiums thereon and apparently treating the policy as in force in July, 1921, in the case of injury to another employee, its sending a bill to defendant during the same month for the premium for 1920 and the matured portion of that for the year 1921, also its acceptance and endorsement of the check received in full payment of the bill. This check seems to have been sent before but was received by appellant after the accident in question; upon learning of which it erased the endorsement and returned the check to defendant. Again, the law requires the employer to carry liability insurance for the protection of its employees (section 305, Act of June 2, 1915, P. L. 736, 741), and in January, 1921, appellant filed a copy of the policy in question for that year with the Penn-

sylvania Rating Bureau of the Insurance Department (as required by Act of July 22, 1919, P. L. 1120) ; thus indicating that the original was in force. This filing prevented the bureau from taking steps to compel defendant to take out insurance and gave the employer and employees assurance of protection. Without stopping to consider whether the filing of such copy would estop appellant from denying the existence of the insurance, it is in any aspect a strong circumstance in favor of appellee. In April, 1921, appellant notified the rating bureau that the policy had been cancelled, as of its date, for nonpayment of premium, but gave no notice to defendant of such cancellation. The policy stipulates that, "This policy may be cancelled at any time by either of the parties upon written notice to the other party stating when, not less than ten days thereafter, cancellation shall be effective. The effective date of such cancellation shall then be the end of the policy period." To effect the cancellation of an insurance policy the condition upon which the right so to do depends must be strictly complied with : Scheel v. German-American I. Co., 228 Pa. 44; 26 C. J., p. 136; Joyce's Law of Insurance (2d ed.), vol. 3, p. 2766. Hence, the attempt at cancellation without notice to defendant was ineffectual, but, on the other hand, was some evidence of the existence of the policy, as there would be no reason for attempting to cancel a policy which did not exist.

The referee and compensation board also properly considered the course of dealing between the parties, especially that with reference to delay in payment of premiums. See Long v. Insurance Co., 137 Pa. 335; Lebanon Mut. Ins. Co. v. Hoover, Hughes & Co., 113 Pa. 591.

Insurance is an indemnity contract and may be effectual without delivery of a policy to the insured (Hamilton v. Lycoming Ins. Co., 5 Pa. 339; Long v. Insurance Co., supra; Pennsburg Mfg. Co. v. Insurance Co., 16 Pa. Superior Ct. 91), and, except as otherwise provided by

statute or charter, may rest upon a parol contract: Benner v. Fire Assn. of Phila., 229 Pa. 75; Ripka v. Mutual Fire Ins. Co., 36 Pa. Superior Ct. 517; Hamilton v. Lycoming Ins. Co., supra; 26 C. J., p. 43; Joyce's Law of Insurance (2d ed.), vol. 1, p. 148. It is sufficient for such contract that the parties have reached an agreement as to the insurance, in other words, that their minds have met.

The suggestion that it was improper for the referee to join appellant as insurance carrier was not pressed and is without merit. The policy in question, in conformity with the statute (Act of June 2, 1915, P. L. 769), makes such carrier primarily liable to the parties entitled to indemnity for all sums that may be awarded; also obligates it to defend all suits or proceedings instituted against the employer on account of injuries to employees. But before taking any definite action in a case the insurance carrier must become a party of record: Bolden v. Greer et al., 257 Pa. 513, and see Chase v. Emery Manufacturing Co., 271 Pa. 265. Appellant was therefore properly made a party of record.

The judgment is affirmed.