## Emmaus Municipal Authority *v.* Eltz, Appellant.

124

Argued October 5, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harry A. Dower,* with him *Eugene J. Gorman, Edward N. Cahn,* and *Dower, Kanehann, Huston, McDonald & Cahn,* and *Morgan, Lewis & Bockius,* for appellants.

*Theodore R. Gardner,* with him *Edward H. McGee,* for municipal authority, appellee.

OPINION BY MR. JUSTICE O'BRIEN, December 3, 1964:

The plaintiff-appellee filed a complaint in assumpsit in which it alleged that the defendant had breached the terms of two contracts. The defendants then filed, on the plaintiff, a rule to show cause why the complaint should not be dismissed.[1] The petition for the rule alleged that the contracts signed by the parties provided for arbitration; hence the action in assumpsit was premature and not in keeping with the Arbitration Act of

---

[1] It would seem that the better procedure would have been to raise the issue of arbitration by way of an answer containing new matter pursuant to Pa. R. C. P. 1030.

1927. The court below, after a hearing, discharged the rule and this appeal followed.

The key question to be determined by this appeal is whether or not the contracts provided for arbitration in a case such as this.

The facts as set forth in the complaint allege a breach of the contracts in that the defendant, Eltz, had failed to perform under the terms of the contract and that, pursuant to the contract, the authority notified the contractor, Eltz, that the Authority would complete the construction.

We have examined the record in full and nowhere in the contracts is it clearly stated what is to be arbitrated. The contract provided for the arbitration procedure and the methods to be used in selecting the arbitrators; however, the contract is silent on what types of claims are subject to this procedure. The appellants state that all claims are to be arbitrated, while the appellee claims that only technical matters which arise during the life of the contract are subject to arbitration.

Our determination in this matter is governed by two basic propositions: (1) that arbitration agreements are to be strictly construed and that such agreements should not be extended by implication: *Jacob v. Weisser*, 207 Pa. 484, 56 A. 1065 (1904); *Scholler Bros., Inc. v. Hagen Corp.*, 158 Pa. Superior Ct. 170, 44 A. 2d 321 (1945); *McDevitt v. McDevitt*, 365 Pa. 18, 73 A. 2d 394 (1950), and (2) that when the parties agree to arbitration in a clear and unmistakable manner, then every reasonable effort will be made to favor such agreements. *Capecci v. Capecci, Inc.*, 11 Pa. D. & C. 2d 459 (1957), affirmed per curiam 392 Pa. 32, 139 A. 2d 563 (1958).

On March 13, 1961, pursuant to Section B3:09 of the construction contracts, the Authority, by resolution, terminated the right of Eltz to proceed because

of defaults under the contract. It would thus appear that all operative provisions of the contract as they relate to matters covered by the contract were terminated. It seems reasonable to us to infer that the arbitration clause covered only those problems which arose during the life of the contract. The reason we infer that the arbitration clause in this contract was not intended to survive this contract is contained in the sentence in Clause B4:08 of the contract which says that a demand for arbitration shall be filed in no case later than the time for final payment. This language indicates that the parties only intended the arbitration clause to be used during the life of the operation of the contract and not to extend after the contract had been terminated by performance, breach or otherwise. The arbitration clause also contains a sentence which says that the contractor shall not cause delay of the construction during any arbitration proceedings. This language also indicates that the parties intended the arbitration procedure to be utilized only during the life of the contract and not after the termination of the contract.

We are thus led to the conclusion that the arbitration procedure was not intended to survive the life of the contract but only to aid in the administration of the contract during its life.

The appellee raises the issue that the demand for arbitration comes after the time permitted for such a demand by the contract. However, we need not address ourselves to this issue in view of our conclusion that the arbitration clause is inapplicable.

Order affirmed.

Mr. Chief Justice BELL concurs in the result.