### Shapiro v. Shapiro

*Richard M. Rosenbleeth,* for plaintiff.
*Stanley M. Schwartz,* for defendant.

MONTEMURO, A. J., November 28, 1973.—This action is part of a long and bitter series of disputes between divorced parties, growing out of a property settlement agreement. The dispute involved in this action is the disposition of articles of personal property.

Paragraph 7(e) of the property settlement agreement provides:

"In the event that the parties are unable, for any reason whatsoever, to agree with regard to the identity and disposition of the tangible personal property of the parties and referred to in this paragraph, then any such disputes as to any such items of personal property shall be submitted for final and binding arbitration by and in accordance with the Rules of the American Arbitration Association. It is the intention of the parties that this method of resolving any disputes as to personal property shall replace the functions of the Receiver referred to in this Agreement in the equity action heretofore had between the parties and provided that this agreement is so fully and satisfactorily performed that the said equity action may be properly discontinued and the Receiver relieved of his duties."

On February 22, 1971, plaintiff, Samuel Shapiro, initiated an arbitration proceeding to compel defendant, Edna Shapiro, to execute a certain assignment of

stock certificate. Edna Shapiro filed a counterclaim, alleging that Samuel Shapiro had failed to turn over certain items of personal property which he was required to turn over pursuant to the terms of the property settlement agreement.

On April 22, 1971, Samuel Shapiro having located an assignment executed by Edna Shapiro, withdrew his claim, but the counterclaim remained in effect and Saverio R. Principato, Esq., was appointed as arbitrator to determine the counterclaim filed by Edna Shapiro.

On September 16, 1971, a hearing was fixed before the arbitrator but was continued without taking testimony. A hearing was to be scheduled in September or October of 1973 at which Edna Shapiro proposed to prove that she was entitled to certain articles of personal property and the values of said articles.

On July 27, 1973, Samuel Shapiro filed a complaint in equity seeking an injunction to restrain the American Arbitration Association and Saverio R. Principato from hearing any evidence with regard to the values of the personal property in dispute and from making any award to Edna Shapiro of money damages. A rule to show cause why a preliminary injunction should not issue, was granted and was heard on September 14, 1973. It was agreed that no testimony was to be taken, that the matter was to be disposed of on argument and briefs of the parties, and that the order to be entered was to be a final order.

The issue is relatively simple. Is the determination of the extent of the arbitrator's jurisdiction to be determined by the court or by the arbitrator? There is no question that the arbitration contemplated in the agreement is common-law arbitration and that the arbitrator is the sole judge of the law and the facts with respect to the matters coming within his jurisdiction. However, the interpretation of the agreement

providing for arbitration is the province of the court. In determining the intention of the parties, the agreement must be strictly construed and should not be extended by implication: Emmaus Municipal Authority v. Eltz, 416 Pa. 123; Jacob v. Weisser, 207 Pa. 484.

The parties to this litigation were represented by competent counsel. If it had been intended to vest in the arbitrator the power to award money damages, it could easily have been spelled out. The reference to the receiver in the equity action does not offer any assistance to the view that the arbitrator has the power to fix money damages, for no such power is invested in the receiver.

Counsel for Edna Shapiro argues that to restrict the power of the arbitrator would make the arbitration proceeding meaningless. We do not agree. It cannot be assumed that Samuel Shapiro will fail to turn over the items which the arbitrator finds should be turned over to Edna Shapiro. If Samuel does not comply with his obligations as determined by the arbitrator, a petition to confirm the award can be filed and the court can then enter any appropriate order including the entry of money damages.

## ORDER

And now, November 28, 1973, it is ordered that the American Arbitration Association and Saverio R. Principato, Esq., are hereby enjoined from taking any testimony as to the money value of any articles of personal property involved in the claim of Edna Shapiro against Samuel Shapiro, and are enjoined from awarding money damages. Jurisdiction in the matter is limited to the identity of the articles of personal property to which Edna Shapiro is entitled and the entry of an order directing Samuel Shapiro to turn over said articles to Edna Shapiro.