464 A.2d 1354

**Charles A. HASSLER and Jean S. Hassler, his wife**

v.

**COLUMBIA GAS TRANSMISSION CORPORATION, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 23, 1983.

Filed Aug. 26, 1983.

Stephen D. Marriner, Jr., Washington, for appellant.
H. Terry Grimes, Waynesburg, for appellee.

Before SPAETH, BROSKY and MONTEMURO, JJ.

SPAETH, Judge:

This is an appeal from a judgment entered on an order denying a petition to vacate an arbitration award. Appellant argues that the lower court erred in refusing to decide whether the arbitrators had exceeded their jurisdiction, and asks that we remand for a hearing on that issue. In our view, the lower court did not refuse to decide the jurisdictional issue but, rather, held that the arbitrators had not exceeded their jurisdiction. Except as to one part of the arbitrators' award, we agree with the lower court. We therefore affirm in part and reverse in part.

Appellees, Charles and Jean Hassler, own land over which appellant, Columbia Gas Transmission Corporation, has a right-of-way. The right-of-way dates from 1900, when Columbia Gas's predecessor, the Manufacturers Light and Heat Company, paid the Hasslers' predecessor $189 for the right to lay, maintain, and remove a 10-inch pipe line across the land. R.R. at 8a. The relevant portion of the 1900 agreement provides that Manufacturers Light will

> pay any damages which may arise to crops or fences from the maintaining, operating, or removal of said lines; said damages, if not mutually agreed upon, to be ascertained and determined by three disinterested persons, ... and the award of such three persons, or any two of them, shall be final and conclusive.

*Id.*

On March 7, 1978, the Hasslers filed an amended complaint in equity seeking, among other things, damages from Columbia Gas for "excavation of farm land, destruction of fences and crops, stampeding of cattle and spraying of ecologically harmful defoliants ...." Complaint, para. 5, R.R. at 6a. The complaint alleged that the excavation took place in 1969 (para. 7), and that the stampeding of cattle, destruction of crops, and spraying of ecologically harmful defoliants took place in 1977 (para. 6). *Id.* (There was no allegation of when the destruction of fences took place.)

In its answer, Columbia Gas alleged, by way of new matter, that the Hasslers' "cause of action for all acts of

commission or omissi[o]n by defendant, except for herbicidal spraying, occurred in the year 1968," and was therefore barred by the statute of limitations and by laches, New Matter, paras. 21–22, R.R. at 15a, and that the "cause of action for spraying in the year 1977 and for other damages" was barred by the provision in the right-of-way agreement providing that damages not agreed upon must be determined by arbitration, New Matter, paras. 23–24, *id.* at 15a–16a.

By order dated November 28, 1978, the lower court "referred [the matter] to the arbitration set up by the parties themselves." R.R. at 18a. On August 22, 1979, after hearing testimony and viewing the property, the majority of a panel of arbitrators recommended an award in favor of the Hasslers of $15,765.78, broken down as follows:

| (1) | $ 386.00 | 1969 loss |
|-----|----------|-----------|
| (2) | 250.00 | Cow lost due to 1977 spraying ("Helicop[t]er stampeded cattle and cow was destroyed due to broken leg") |
| (3) | 1,129.78 | Trees lost due to 1977 spraying |
| (4) | 10,500.00 | Cutting and removal of trees due to 1977 spraying |
| (5) | 3,500.00 | Punitive damages |
| $ | 15,765.78 | |

R.R. at 19a.

On Columbia Gas's petition to vacate the award, the lower court by order dated December 26, 1979, held that the award for the 1969 loss (item 1, *supra*) should be vacated as barred by the statute of limitations, and also, that the award for punitive damages (item 5, *supra*) should be vacated, but that otherwise the petition to vacate should be denied "because the concept of excessiveness is not available to the loser here." R.R. at 35a. By order dated May 15, 1980, the court *en banc*, without opinion, dismissed Columbia Gas's exceptions and confirmed the award.

Columbia Gas's appeal to this court was quashed because no final judgment had been entered on the docket. Final

judgment was entered on February 23, 1982, and this appeal followed.

As appellant, Columbia Gas's only statement of question involved is as follows:

> Where the parties['] agreement creates arbitration only for damages to crops and fences, and the arbitrators award damages for a cow and trees, but not for crops and fences, may the court review the award to see if the arbitrators exceeded their jurisdiction?

Brief for Appellant at 3.

> In the conclusion of its brief, appellant asks that we reverse the judgment of the court below and direct a hearing to determine the scope of matters submitted to arbitration.

*Id.* at 12.

We acknowledge that these statements leave us uncertain as to appellant's position. While the lower court's orders are somewhat cryptic, we think it sufficiently clear that the court *has* "determine[d] the scope of matters submitted to arbitration," and we don't understand what appellants think would be accomplished by our directing that a hearing be held. In these circumstances we have concluded that what appellant really is arguing is that we should reverse the lower court and vacate the arbitrators' award on the ground that the arbitrators exceeded their jurisdiction.

■■■ It is of course true, as appellees argue, that "[i]n arbitration agreements under common law, the arbitrator is the final judge of both law and fact, and there is no authority which sanctions the vacatur of his decision for a mistake of either." *Parking Unlimited v. Monsour Medical Foundation,* 299 Pa.Super. 289, 292, 445 A.2d 758, 760 (1982). *See also Newspaper Guild v. Phila. Daily News,* 401 Pa. 337, 346, 164 A.2d 215, 220 (1960). However, it is also true that whether a dispute is within the terms of an arbitration agreement is for the court to determine. *Flightways Corp. v. Keystone Helicopter Corp.,* 459 Pa. 660, 663, 331 A.2d 184, 185 (1975); *Borough of Ambridge Water*

*Authority v. Columbia*, 458 Pa. 546, 328 A.2d 498 (1974); *Women's S.P.C.A. v. Savage*, 440 Pa. 34, 269 A.2d 888 (1970). We must therefore determine whether a dispute about the loss of a cow and trees is within the provision of the right-of-way agreement requiring arbitration of "any damages which may arise to crops or fences."

■■■ In making this determination, we are governed by two basic propositions: (1) that arbitration agreements are to be strictly construed and that such agreements should not be extended by implication: *Jacob v. Weisser*, 207 Pa. 484, 56 A. 1065 (1904); *Scholler Bros., Inc. v. Hagen Corp.*, 158 Pa.Superior Ct. 170, 44 A.2d 321 (1945); *McDevitt v. McDevitt*, 365 Pa. 18, 73 A.2d 394 (1950), and (2) that when the parties agree to arbitration in a clear and unmistakable manner, then every reasonable effort will be made to favor such agreements. *Capecci v. Capecci, Inc.*, 11 Pa.D & C 2d 459 (1957), affirmed per curiam 392 Pa. 32, 139 A.2d 563 (1958). *Emmaus Mun. Auth. v. Eltz*, 416 Pa. 123, 125, 204 A.2d 926, 927 (1964).

*And see Cumberland-Perry, etc. v. Bogar & Bink*, 261 Pa.Super. 350, 396 A.2d 433 (1978); *Flightways Corp. v. Keystone Hell. Corp.*, 459 Pa. 660, 331 A.2d 184 (1975). It is apparent that some tension between these two propositions may arise; in making "every reasonable effort ... to favor" an agreement providing for arbitration, one must be careful not to "extend[ ] [the agreement] by implication."

As we have indicated, we are without the benefit of an opinion from the lower court, or, for that matter, the arbitrators. We assume, however, that the reasoning in support of the award for the loss of the cow went something like this: The spraying from the helicopter was incident to maintaining the right-of-way. The loss of the cow because of injuries she suffered when she was frightened by the helicopter and stampeded may therefore be regarded as damage consequential to and therefore "aris[ing] ... from the maintaining" of the right-of-way.

■ If this was the reasoning in support of the award for the loss of the cow, we aren't persuaded by it. We agree that the word "aris[ing]" may fairly be construed as providing for the recovery of consequential damages, and that the loss of the cow may fairly be regarded as damage consequential to the spraying, and therefore to maintaining, the right-of-way. *Bozzo v. Electric Weld. Division,* 283 Pa.Super. 35, 423 A.2d 702 (1980) But the agreement only provides for "damages which may arise to *crops or fences* from the maintaining [of the right of way]", and by no stretch of language can we conclude that a cow is either a crop or a fence. That would indeed be an unwarranted extension of the right-of-way agreement; it would "compel[ ] [the parties] to arbitrate a given issue absent an agreement between them to arbitrate that issue." *Cumberland-Perry, etc. v. Bogar & Bink,* 261 Pa.Super. 350, 353, 396 A.2d 433, 434–35 (1978). We therefore conclude that the lower court erred in refusing to vacate the award for the loss of the cow.

■ As regards the award for the loss of the trees, however, we find no error. For we believe that to construe "crops" as embracing "trees" represents a "reasonable effort ... to favor" the parties' agreement to arbitrate. *Capecci v. Capecci, supra.* It is true that "crop" ordinarily means "all products of the soil that are grown and raised annually and gathered during a single season," Black's Law Dictionary, "Crop" at 448–49 (Rev. 4th ed. 1968). But it also means, "[i]n a broader sense, any product of the soil." *Id.* Here we know from the allegations in appellant's petition to vacate the arbitration award and appellees' answer to the petition that whether the trees damaged by the spraying, and subsequently removed, were "crops" was an issue tried to the arbitrators. Appellant maintained that "[n]o evidence was presented by [appellees] upon which the arbitrators could support a finding that the trees were a 'crop' ...." Petition to Vacate, para. 16, R.R. at 23a. Appellees, however, maintained that they "not only testified to the fact [that the trees were a 'crop'], but also presented

testimony by a professional forester to support such a contingent [*sic;* 'contingency?']." Response to Petition to Vacate, para. 8, R.R. at 30a. The fact that most crops are harvested annually, while trees may take decades before reaching maturity, proves that trees are not annual crops, but not that they are not crops. Whether the evidence supported a finding that appellees' trees were a crop, and therefore within the arbitration provision of the right-of-way agreement, was a decision for the arbitrators to make.[1]

The Judgment of the lower court is affirmed, except that the arbitration award of $250 for the loss of a cow is vacated.

BROSKY, J., files a concurring and dissenting opinion.

BROSKY, Judge, concurring and dissenting:

I respectfully dissent in part and concur in part for the reason that appellant's claim should be considered waived. The judgment entered on the order of the court below should therefore be affirmed.

The problem I find with the majority opinion is best demonstrated by a comparison of two portions of that opinion. The majority first states that "whether a dispute is within the terms of an arbitration agreement is for the court to determine." However, the opinion goes on to conclude that "[w]hether the evidence supported a finding that appellees' trees were a crop, and therefore within the arbitration provision of the right-of-way agreement, was a decision for the arbitrators to make."

---

1. In his Concurring and Dissenting Opinion, Judge BROSKY finds this statement inconsistent with our earlier statement that "whether a dispute is within the terms of an arbitration agreement is for the court to determine." *Ante* at 1356. We do not believe, however, that there is an inconsistency. Whether "crops" should be construed as embracing "trees" was a question of law, for the court. Whether appellees' particular trees *were* a "crop", and therefore within the arbitration provision as construed by the court, was a question of evidence, for the arbitrators. Nor are we persuaded by Judge BROSKY that waiver has occurred. If parties agree to arbitrate X, the party invoking arbitration does not thereby waive his right to object to arbitrating Y.

If, as the majority states, the question of whether a dispute is within the scope of an arbitration agreement is only for the court to determine, I fail to see what relevance at all the arbitrators' decision on that issue has.[1] Therefore, despite the fact that the record indicates the arbitrability issue was tried to the arbitrators, I believe the lower court should have made an independent evaluation of that issue.

Although the majority states that it is "clear that the court [below] ... 'determine[d] the scope of the matters submitted to arbitration', I do not find this to be the case. The court below had no record of the arbitration proceedings, had no opinion from the arbitrators, and took no testimony. Under such circumstances, it seems unlikely that it was able to determine the arbitrability issue. If, however, the court did indeed make such a determination, it did so in a fashion that I believe has left us unable to properly review its ruling. There is no record of the proceedings below except for the court's "somewhat cryptic" orders and as the majority indicated we are without the benefit of an opinion from the lower court.

In the usual case, I believe such circumstances would warrant a remand for a hearing on the record to determine the arbitrability of the dispute. However, in this case, I believe appellant has waived its claim.

When appellees initially filed their amended complaint in equity, they charged appellant with "excavation of farm land, destruction of fences and crops, stampeding of cattle and spraying of ecologically harmful defoliants ... which ... caused substantial damage to ... trees, crops, and property."

Appellant, in its answer to the complaint alleged that the "cause of action for spraying ... and for other damages"

---

1. I note that all of the cases cited by the majority in support of the proposition that the arbitrability of a dispute is for the court to determine involve instances in which one party has sought to enjoin the other party from proceeding to arbitration. Thus, unlike the instant case no prior determination by the arbitrators existed at the time of the appeal.

was barred by the provision in the right-of-way agreement providing that damages not agreed upon must be determined by arbitration and that arbitration was "the *exclusive remedy* available to plaintiffs *for any damages*" (emphasis added).

In other words, appellant, when the action was in the forum it now argues was the proper one, maintained that arbitration offered the exclusive remedy to appellees for any damages. Then, after suffering an unfavorable result in that arbitration, it returns to the court and argues that the dispute had, indeed, all along belonged in the court.

I believe appellant's action in arguing to the court that the dispute belonged in arbitration should be considered a waiver of any future claim that the dispute was outside the scope of the arbitration agreement. To hold otherwise would simply encourage parties to follow the procedure of appellant in order to give themselves a possible second chance to litigate the merits of a dispute should they lose in the arbitration proceeding.

Thus, I would affirm the judgment of the Court below.