**Gettysburg Inn v. McCoy Brothers**

C.P. of Adams County, no. 94-S-202.

*Donald B. Hoyt,* for plaintiff.
*Stephen Shibla,* for defendant McCoy.
*Charles F. Perego,* for defendant Brenenborg.

KUHN, *J.,* March 11, 1996—This matter arises out of a complaint filed by plaintiff, Gettysburg Inn Ltd., alleging that on April 20, 1988, it entered into an agreement with defendant, Brenenborg Brown Group, to perform architectural services in connection with the construction of a Days Inn Motel. A dispute arose concerning installation of fiberglass tubs. By order dated November 4, 1994, the parties were directed to submit their dispute to arbitration per terms of their contract.

On August 31, 1995, the arbitrator appointed by the American Arbitration Association entered an award barring plaintiff's claim against defendant on the basis of the statute of limitations and awarded defendant one-half of the administrative fees. On October 10, 1995, defendant filed an application to confirm arbitration award and an order to that effect was entered the same day. On October 16, 1995, judgment was entered in favor of defendant on the award and for refund of $750 in administrative fees.

On November 27, 1995, plaintiff filed a petition to open judgment claiming that the award of the arbitration was contrary to law on the issue of the limitation of actions. Defendant filed an answer with new matter on December 12, 1995, contending that plaintiff's petition was untimely. At the same time defendant filed a motion to discharge rule to open judgment alleging that plaintiff's petition was an improper procedure to contest an arbitration award. Plaintiff's replies to the new matter and motion to discharge were filed on January 2, 1996. The petition and motion were set for oral argument on February 28, 1996, and are before the court for disposition.

The procedural rules for common-law arbitration are set forth in the Uniform Arbitration Act, 42 Pa.C.S. §7301 et seq., and cases decided thereunder. Under common-law arbitration the arbitrator has the authority to decide all matters necessary to dispose of the claim and he is the final judge of both fact and law. There is no authority to vacate his decision for a mistake of either. *Hassler v. Columbia Gas Transmission Corp.,* 318 Pa. Super. 302, 306, 464 A.2d 1354, 1356 (1983); *Giant Markets Inc. v. Sigma Marketing Systems Inc.,* 313 Pa. Super. 115, 124, 459 A.2d 765, 769 (1983).[1] In addition, anyone taking an appeal from a common-law arbitration must show by clear, precise and indubitable evidence that he was denied a hearing or that there was fraud, misconduct, corruption or some other irregularity of this nature on the part of the arbitrator which caused him to render an unjust, inequitable or unconscionable award. An irregularity refers

---

1. In *Merchants Mutual Insurance Company v. American Arbitration Association,* 433 Pa. 250, 248 A.2d 842 (1969) the court held that even the statute of limitation comes within an arbitrator's purview.

to the process employed in reaching the result and not in the result itself. *Chervenak, Keane & Company Inc. v. Hotel Rittenhouse Associates Inc.,* 328 Pa. Super. 357, 362, 477 A.2d 482, 485 (1984).

Plaintiff, through the process of a petition to open, seeks to re-litigate the legal and factual arguments presented to the arbitrator. There is no authority which would sanction such a review. Plaintiff has not alleged any procedural irregularities.

Furthermore, plaintiff has waived its right to raise any issue concerning the propriety of the arbitrator's award. The law is clear that any issues a party wishes to raise must be raised within 30 days of the date of the arbitrator's award. *Beriker v. Permagrain Products Inc.,* 347 Pa. Super. 102, 105, 500 A.2d 178, 179 (1985). The Act provides at 42 Pa.C.S. §7342(b) that

"On application of a party made more than 30 days after an award is made by an arbitrator under section 7341 (relating to common-law arbitration) the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order. . . ."

Here, the award was entered on August 31, 1995, and not until 40 days later did defendant move to confirm the award. Plaintiff took no steps to challenge the arbitrator's decision until November 27, 1995, or 68 days after the date of the award. Any attempt to modify an arbitrator's award after the 30-day period is untimely. *Elkins & Co. v. Suplee,* 371 Pa. Super. 570, 538 A.2d 883 (1988).

Petitions to open are addressed to the sound discretion of the court. We fail to see that the court has any discretion to exercise under these circumstances.

Accordingly, the attached order is entered.

## ORDER

And now, March 11, 1996, plaintiff's petition to open judgment filed on November 27, 1995 is denied and the motion to discharge rule to open judgment filed on December 12, 1995 by defendant, Brenenborg Brown Group, is granted.