**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2982
_____

MARIA JACQUELINE DICENT,
                                        Appellant

v.

KAPLAN UNIVERSITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-17-cv-01488)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2019
Before:  KRAUSE, SCIRICA and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 10, 2019)
_____

OPINION[*]
_____

PER CURIAM

Maria Jacqueline Dicent appeals the District Court's order granting Kaplan

University's (Appellee) motion to dismiss and compel arbitration.  For the following

reasons, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Because the parties are familiar with the background of this case, and it is thoroughly recited in the Magistrate Judge's Report and Recommendation (R&R) adopted by the District Court, we will revisit the facts only briefly. Dicent enrolled in online courses offered by Appellee. As a part of the enrollment process, Dicent was required to log in to an enrollment portal website, where she was asked to enter various information necessary to become a student. After completing this process, the enrollment portal generated an "Enrollment Packet" in a Portable Document Format (PDF), which included all of the information Dicent had provided, and also included, among other things, an Arbitration Agreement and Waiver of Jury Trial (Arbitration Agreement). The Enrollment Packet PDF was electronically signed (e-signed) by Dicent.

Dicent subsequently filed suit against Appellee for various causes of action. Appellee moved to dismiss and compel arbitration, arguing Dicent's claims fell within the Arbitration Agreement Dicent had e-signed as part of her agreement to become a student. Dicent argued that she did not e-sign the Arbitration Agreement; rather, she maintained that Appellee never informed her of the Arbitration Agreement, and that Appellee never had her permission to use her e-signature for the Arbitration Agreement.

The issue was referred to a Magistrate Judge, who recommended granting the motion to dismiss and compel arbitration based on his conclusion that Dicent had failed to create a genuine issue of fact as to whether she assented to the Arbitration Agreement. After considering Dicent's objections, the District Court adopted the Magistrate Judge's

constitute binding precedent.

2

R&R and entered an order to compel arbitration. The District Court held that Dicent's argument—which was offered without any supporting evidence—rested on the assertion that her e-signature was used without her consent. Moreover, the District Court noted that Dicent had acknowledged her participation in the enrollment process, in which an e-signature was used in order for her to become a student. Thus, it concluded that Dicent's arguments were completely contrary to the undisputed facts that the Enrollment Packet PDF contained the Arbitration Agreement, and that she e-signed the document.

We have jurisdiction pursuant to 28 U.S.C. § 1291. See Control Screening LLC v. Tech. Application & Prod. Co. (Tecapro), HCMC-Vietnam, 687 F.3d 163, 166–67 (3d Cir. 2012) ("Where, as here, the District Court has ordered the parties to proceed to arbitration, and dismissed all the claims before it, that decision is final within the meaning of [9 U.S.C.] § 16(a)(3)[.]" (internal quotations omitted)). "We exercise plenary review over questions regarding the validity and enforceability of an agreement to arbitrate." Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 772 (3d Cir. 2013) (quoting Puleo v. Chase Bank USA, N.A., 605 F.3d 172, 177 (3d Cir. 2010)).

When "assessing the motion to compel arbitration itself, we apply the standard for summary judgment in Rule 56(a)," and thus we "view the facts and draw inferences in the light most favorable to the nonmoving party." Flintkote Co. v. Aviva PLC, 769 F.3d 215, 219 (3d Cir. 2014). "We apply this standard because [a] district court's order compelling arbitration is in effect a summary disposition of the issue of whether or not

3

there had been a meeting of the minds on the agreement to arbitrate." [1] Id. (quotation marks and citations omitted). Indeed, arbitration is a matter of contract; thus, if a party has not agreed to arbitrate, a court may not compel that party to arbitrate. Id. at 220. Accordingly, we first consider "(1) whether there is a valid agreement to arbitrate between the parties and, if so, (2) whether the merits-based dispute in question falls within the scope of that valid agreement." Id. (quotation marks and citation omitted).

Here, the only issue presented to us on appeal is whether Dicent assented to the Arbitration Agreement.[2] "To determine whether the parties agreed to arbitrate, we turn to ordinary state-law principles that govern the formation of contracts." Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009) (internal quotation marks omitted). In Pennsylvania,[3] "contract formation requires: (1) a mutual manifestation of an intention to be bound, (2) terms sufficiently definite to be enforced, and (3) consideration." Id. Furthermore, the Pennsylvania Supreme Court has held that arbitration agreements "should not be extended by implication" but rather parties should agree to arbitration "in a clear and unmistakable manner." See Emmaus Mun. Auth. v.

---

[1] As noted in margin of the District Court's order, Dicent had notice that the summary judgment standard would be used for assessing the motion to dismiss and compel arbitration.

[2] The Magistrate Judge determined that the underlying claims in the complaint fall within the scope of the Arbitration Agreement. Dicent did not object to this determination, nor does she raise the issue on appeal.

[3] The parties agree that Pennsylvania state law governs here.

4

Eltz, 204 A.2d 926, 927 (Pa. 1964). Pennsylvania, as most jurisdictions, recognizes the e-signature as a valid means to register legal assent. See 73 Pa. Stat. Ann. §§ 2260.301–.312.[4]

Dicent argues she "was tricked and not informed that she would be waiving jury trial or was entering an arbitration agreement" when she was going through the enrollment process. Appellant's Br. 2. She maintains that she was not aware of the Arbitration Agreement until Appellee submitted it in the District Court, and essentially argues that Appellee, by including the Arbitration Agreement in the Enrollment Packet PDF, was employing a deceptive practice. She argues that the "entire enrollment process is deceitful and the Arbitration Agreement was just simply attached without her knowledge and consent." Appellant's Br. 6. Thus, she contends that her e-signature is not valid as it pertains to the Arbitration Agreement.

We disagree. As the R&R thoroughly detailed, Appellee's enrollment process walks prospective students through a series of steps necessary to become a student, which includes the production of an Enrollment Packet PDF that requires an e-signature to finalize the prospective student's relationship with Appellee. Included within this packet is the clearly labeled Arbitration Agreement. In this case, Appellees presented evidence of Dicent's e-signature of the documents, and Dicent herself conceded that she e-signed the Enrollment Packet PDF. Thus, we conclude that there is no genuine issue of material

---

[4] Thus, as the R&R notes, to the extent Dicent argues the Arbitration Agreement required her physical pen and ink signature, she is mistaken.

fact, as Dicent presented no evidence to contradict Appellee's statements, other than to generally argue that she was unaware of the Arbitration Agreement until Appellee presented it to the District Court.[5]  See Tinder v. Pinkerton Sec., 305 F.3d 728, 735–36 (7th Cir. 2002) (holding that the plaintiff's averment in her affidavit—that she did not recall seeing or reviewing the arbitration program brochure that was allegedly included with her payroll check—did not raise a genuine issue of fact as to whether the brochure was distributed to her, where the record also contained uncontroverted affidavits from the defendant indicating that the brochure was definitely sent and presumably received with her paycheck).  The most reasonable inference we can draw from the evidence presented is that Dicent simply did not read or review the Enrollment Packet PDF closely before she e-signed it, which will not save her from her obligation to arbitrate.  See Standard Venetian Blind Co. v. Am. Empire Ins. Co., 469 A.2d 563, 566 (Pa. 1983) ("[I]n the absence of proof of fraud, failure to read [the contract] is an unavailing excuse or defense and cannot justify an avoidance, modification or nullification of the contract or any provision thereof." (internal quotations and citation omitted) (brackets in original)).

For the foregoing reasons, we will affirm the District Court's judgment.

---

[5] Dicent maintains that she *did* produce evidence, arguing that her filing titled "Plaintiff's Answer to Defendant's Motion to Dismiss and Compel Arbitration" was an affidavit because she signed it.  See Dkt. #15.  Even if we did construe this filing as an affidavit, it is not sufficient to create a genuine issue of material fact.  See Kirleis, 560 F.3d at 161 (noting an "affiant must set forth *specific facts* that reveal a genuine issue of material fact" and that "conclusory, self-serving affidavits are insufficient" for this purpose (emphasis added) (internal quotations and citations omitted)).